To The Southern District Court
of The Southern District of Texas
Houston Division

George Longoria
Petitioner
702917
Aliases #
George Longoria
V
State of Texas
Respondent

United States Courts
Southern District of Texas
FILED

JAN 1 1 2001

Michael N. Milby, Clerk

H 01 -0168

Civil Action No: _____

B-01-030

## Petition For Writ-of-Habeus-Corpus of A Person In state Custody

### I. Basis For Habeus-Corpus-Relief

1) Trial Court erred in denying Motion for Recusal of the Trial Judge.

2) Trial Court erred in failing to refer motion

3) Trial Court erred in Excluding Evidence

4) Petitioner was denied the effective assitance of Counsel, and Thus his right to Counsel, as guaranteed by the Texas Const. Art. I §10; U.S.C.A. 6,14

— was denied the his right to effective assitance, as guaranteed by the sixth Amendment to the United State Constitution. U.S.C.A. 6, 14

5) Juror Misconduct

6) Standard For Review

### Trial Court denied motion to Recuse Trial Judge

1)

A) Petitioner filed a written motion to Recuse Judge Robert Garza.[1] Petitioner moved to Recuse Trial Judge Robert Garza, because his appointed Attorney Robert Mendoza announced his intention to run for election in the 138th Judicial District Court of Cameron County, Texas _____

1) The motion was not filed 10 days before the trial, but it was filed when Petitioner's attorney announced his intention to Seek office. However, Petitioner did not waive the right to Recusal, because there was no objection and The judge Robert Garza, ruled on the merits.

Petitioner feared that the Circumstances would create a conflict between Mr. Mendoza and the Presiding Judge of the 138th Judicial District Court, Judge Robert Garza. (T-67) Judge Robert Garza refused to voluntarily recuse himself, and failed to refer the case to the presiding Judge for a hearing. (S.F.-II-14)

(1)

## Trial Court failed to refer Motion

Petitioner contends that the trial court erred in denying his recusal motion. Specifically, Petitioner contends that the evidence establishes that the trial judge was subject to recusal:

1) because "he has a personal bias or prejudice concerning the subject matter or party" Tex. R. Civ. P. 18b (2) b; or (2) because "his impartiality might reasonably be questioned." Tex. R. Civ. P. 18 b.(2)(a).

In Arnold v. State, 853 S.W.2d 543 (Tex. Crim. App. 1993), the court held that Tex. R. Civ. P. 18a and 18b, apply to recusal of judges in Criminal Cases. Rules 18 b (2) Provides:

    a) his impartiality might reasonably be questioned

    b) he has a personal bias or prejudice concerning the subject matter or a party....

No Judge or Justice of the Peace shall sit in any case where he may be the party injured, or where he has been of counsel for the state or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree, as determined under Chapter 573 Government Code (Tex. Crim Proc); Art. 30.01.

In deciding the scope and meaning of §455, the Supreme Court held that a judges bias or prejudice be evaluated on an objective basis. "What matters is not the reality of the bias or prejudice but his appearance." In other words, recusal is required whenever "impartiality might be reasonably questioned." Liteky v. U.S., ___ U.S. ___, 114 S.ct 1147, 1154 (1994) (Emphasis Added)

It was undisputed that petitioner's trial attorney and trial judge would soon face each other in an election for the 138th Judicial District Court. The impartiality of the trial judge could be reasonably questioned viewed objectively, a reasonable person could assume that the trial judge had personal stake in the outcome of the trial, because the petitioner's lawyer had announced his intention to seek election to the trial judges office.(S.F.-II-13-15), because it is not unnatural to want your perceived opponents to fail, the objectively reasonable person could believe that the trial judge was biased, under the circumstances, there were clearly a reasonable question concerning his impartiality even if there was not an actual subjective bias or prejudice.

The Provisions of Rule 18a and 18b are mandatory., <u>Gonzales</u>

    a) 28 U.S.C. § 455 (1974) reads in relevant Part:

        a) Any Justice of the peace, or Magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

        b) He/she shall disqualify also him/herself in the following circumstances:

        1) Where he/she has a bias or prejudice personally concerning a party....

<u>V Gonzales</u>, 659 S.W. 2d 900 (Tex. App. -- El Paso 1983. No writ). Viewed from an objective stand point, the trial judge should have recused himself or referred the motion to the presiding Judge of the administrative Judicial District. He erred in failing to do so.

Therefore, at the time the motion to recuse was filed, the trial Court had two choices: Recuse himself or Refer the motion to the presiding judge of the administrative judicial district for appointment of another judge to hear the motion. (Tex. R. Civ. P. 18a(d). Any action taken by the judge after the motion is filed, and prior to the hearing on the motion is void. <u>Id</u>. Thus, the judgement entered by the trial Court is void.

Although the motion was filed within the 10 days of trial, it was timely, because the reason for recusal did not prior exist to the 10-day period. The reason for recusal arose only when trial counsel announced he would run against the trial Court Judge, well within the 10-day period. Alternatively, if the motion was untimely pursuant to Rule 18(a), violates petitioner's rights to due process as guaranteed by the fourteenth Amendment, U.S. Const. Amend. XIV, and due Course of law as guaranteed by Tex. Const. Art. I §§ 13 and 19.

If due Process and due Course of law have any meaning at all, they require that a Petitioner in a Criminal Trial be tried before a Neutral and detached judge, and who appears to be Neutral and detached. If a proper reason for recusal or disqualification develops in that period a strict Application of the 10-day Rule would mean that a litigant would be forced to trial before a judge who presumptively is not, is biased or whose impartiality could reasonably be questioned. For example if a litigant were to call the judges former law partner as a material witness the judge would be subject to recusal, Tex. R. Civ. P. 18b.(2)(e), but if that fact were known prior to the 10-day period, a Motion would not normally be timely.

3) <u>Trial Court er in Excluding Evidence</u>

The Petitioner's defense sought to call Complainant's common law wife, at the trial, as a character witness to prove Complainant's violent character. Petitioner wanted to introduce through her an Application for a Protective order against Complainant filed on April 4, 1991 by Assistant District Attorney Sam Z. Dantun. (S.F.-V-390, 391) Although the state introduced evidence of Complainant's aggressive behavior on the night he was killed though not before, Petitioner was denied the opportunity to introduce character evidence to substantiate his claim of self-defense. (S.F.-V-392)

In order for Petitioner to be entitled to a self-defense charge, there must be some evidence of aggression on the part of the deceased. <u>Beechum v. State</u>, 580 S.W.2d 588, 590 (Tex. Crim. App. 1979) Merely carrying a weapon is not a violent or aggressive act in and itself. <u>Gutierrez v. State</u>, 764 S.W.2d 796 (Tex. Crim. App. 1989); <u>Thompson v. State</u>, 659 S.W.2d 649, 653, 654 (Tex. Crim. App. 1983), Perez obviously did more than just carry a weapon, he actually taunted Petitioner, threatened him, and pulled out a knife.

The Court of Criminal Appeals pointed out in <u>Thompson</u>, often the evidence of aggression is ambiguous, and even evidence that the deceased pulled the first weapon can be ambiguous, as there was conflicting testimony about whether Complainant's knife was still out at the time of Petitioner's alleged attack. In <u>Thompson</u>, the court ruled that if the evidence is ambiguous

- reputation evidence concerning the deceased's violent character or prior specific acts of violence committed by him are admissible in so far as they tend to <u>explain</u> the deceased's conduct; because this evidence is probative of who in fact was the aggressor in the fray (as opposed to what the petitioner thought)

The petitioner need not have had a personal knowledge at the time of the offense of the specific acts he seeks to admit evidence.

_____
3) It is undisputed that the deceased pulled the knife on Petitioner.

<u>Thompson v. State</u>, 659 S.W.2d at 654 (emphasis added by court), quoting <u>Lewis v. State</u>, 463 S.W.2d 186, 188 (Tex. Crim. App. 1971).

In the instant case, Petitioner should have been allowed to introduce character evidence of the past violent aggressive behavior exhibited by Perez. Specific instances of violence would have helped the jury understand who actually was the aggressor. The juror's knowledge of past instances would have helped them to place Perez' knife wielding in context.

(4)

Thereby the exclusion of evidence indicating aggression Constitutes reversible. Lowe V. State, 612 S.W. 2d 579 (Tex. Crim. App. 1981); Wood V State, 486 S.W. 2d (Tex. Crim. App. 1972); Dempsey V State 159 Tex. Crim. App. 602, 266 S.W. 2d 875 (1954).

4) Denied Effective Assistance of Counsel

Raul Garza Petitioners Juvenile probation officer testified about the recommendations of the Probation Office for punishment. Garza testified as to the Psychiatrists analysis on Petitioner's ability to be rehabilitated. Garza read from the Psychiatrists report without objection. "I diagnosed George as needing to be fully accountable for his actions on that day"... "There is no Psychological treatment that is recommended, nor is that likely to change". (S.F.-VII-12-14).

The Sixth Amendment to the Constitution of the United States guarantees the right to counsel, include the right to effective Assistance of Counsel. McMann v Richardson, 397 U.S. 759, 771 n. 14, 90 S. ct. 1441, 1449 n. 14, 25 L. Ed. 2d 763 (1970).

In Strickland v. Washington, 466 U.S. 668 (1984), the Court held that in order to obtain a Reversal, because of ineffective assistance of counsel Petitioner must demonstrate:

> First.... that Counsels performance was deficient. This requires showing that Counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second... the Petitioner must show that the deficient Performance prejudiced the defense. This requires showing that the Counsel's errors were so serious as to deprive the petitioner of a fair Trial, a trial whose result is reliable.

Id. at 687

The standard for judging attorney performance is that objectively reasonable effective assistance of under prevailing professional norms Id. at 688. In Reviewing the attorney's acts Judicial Scrutiny should be made to eliminate the distorting effects of hindsight. Id. at 689-690. The Review begins with the presumption that Counsel's Conduct falls within the wide Range of Reasonable Professional assistance; that is that the Challenged act or omission might be considered sound trial strategy. Id. at 690-691. This however does not, and the inquiry for what might theoretically be a trial strategy, might in reality be incompetent counsel.

(5)

Whether a defendants counsel was effective must be determined upon the particular case". Ex Parte Raborn, 658 S.W.2d 602, 605 (Tex. Crim. App. 1983); Benoit v. State, 561 S.W.2d 810 (Tex. Crim. App. 1977). Similarly, generally, the Court must view trial Counsel's Performance as a whole.

Thus, even though no single instance or error may be sufficient standing alone to constitute ineffective assistance of Counsel, Several or Multiple errors may "compel such a holding". Ex Parte Welborn, 785 S.W.2d 391, 396 (Tex. Crim. App. 1990); see also San Roman v. State, 681 S.W.2d 872, 874 (Tex. App. -- El Paso 1984 Pet. Ref'd) (the totality of the representation is examined); Montez v. State, 824 S.W.2d 308 (Tex. App. -- San Antonio 1992, no Pet.).

Although an isolated failure to object does not generally render counsels performance deficient, Ewing v. State, 549 S.W.2d 392, 395 (Tex. Crim. App. 1977), in some instances, a single critical error may sometimes render counsels performance constitutionally deficient and defective, Vela v. Estelle, 708 F.2d 954, 965 (5th. Cir. 1983), cert. denied, 104 S.Ct. 736 (1984); Nero v. Blackburn, 597 F.2d 991, 994 (5th cir. (1979); Ex Parte Menchaca, 854 S.W.2d 948 Tex. Crim. App. 1992); Ex Parte Zepeda, 819 S.W. 2d 874 (Tex. Crim. App. 1991); Jackson v. State, 766 S.W.2d 504, 510-511 n.6 (Tex. Crim. App. 1985), vacated on other grounds, 475 U.S. 1114 (1986); May v. State, 660 S.W.2d 888 (Tex. App. -- Austin 1983) aff'd, 722 S.W.2d 699 Tex. Crim. App. 1984); Ex Parte Scott, 581 S.W.2d 181 (Tex. Crim. App. 1979); Cooper v. State, 769 S.W.2d 301 Tex. App. -- Houston [1st dist] 1989, pet. ref'd; Snow v. State, 697 S.W.2d 663 Tex. App. -- Houston [1st Dist] 1985 Pet. ref'd; Burnworth v. State, 698 S.W.2d 686 (Tex. App. -- Tyler 1985, pet. ref'd).

To ignore a grievous error simply, because it is single, while granting relief where multiple errors cumulatively reach the same magnitude, would be contrary to the reasons that caused the creation of the doctrine of ineffective Assistance of Counsel. Cooper, 769 S.W.2d at 305; Snow, 697 S.W.2d at 667. This is consistent with the concept that each case must be judged on its own facts.

In order to provide effective assistance of Counsel, an attorney must have a firm command of the operative facts, and of the relevant law, as well stated by the Court of Criminal Appeals in Jackson v. State, 766 S.W.2d at 509:

> A criminal defense lawyer must have a firm command of the facts of the case as well as governing law, before he can render reasonably effective assistance to his client. Ex Parte Lilly, 656 S.W.2d 490 (Tex. Crim. App. 1983); Ex Parte Ybarra, 629 S.W.2d 943 (Tex. Crim. App. 1982); Ex Parte Duffy, 607 S.W.2d 507 (Tex. Crim. App. 1980). The responsibility of having a firm command,

of the facts of the case as well as governing law in order to assist, and advise one criminally accused, is not one placed on the state. See Wooldridge v. State, 653 S.W.2d 811, n.7 (Tex. Crim. App. 1983).

(Emphasis in original).

See also Flores v. State, 576 S.W.2d 632, 634 (Tex. Crim. App. 1978) ("it is fundamental that an attorney must aquaint himself not only with the law, but also the facts of a case...")

In this case, counsel's action and omissions plainly indicate that he did not have a firm command of the law. Petitioner's trial counsel was apparently completely unfamiliar with even a basic understanding of the Rules and Evidence.

In Ex Parte Duffy, 607 S.W.2d at 525 n.6, the Court of Criminal Appeals briefly visited the issue of whether the failure to object to potentially reversible error could be considered trial strategy. In Duffy, the court noted that virtually all potential reversible error in Duffy's case was not preserved, because counsel repeatedly failed to object or request the proper relief when he did object. Admittedly, the court did not describe such a claim as a "strange concept" and "difficult to accept."

In Ex Parte Ybarra, 629 S.W.2d 943, 949 n.15 (Tex. Crim. App. 1982), a general failure to object contributed to the court's finding of ineffective assistance of counsel. Additionally, the bolging of the wrong objection on other occasions contributed to finding, 629 S.W.2d at 951 n.15.

In Ex Parte Welborn, 785 S.W.2d 391, 392 (Tex. Crim. App. 1990), a failure to object to an extraneous offense constituted three of six reasons that the court found to constitute ineffective assistance of counsel. In response to the claim that there was no objection because the extraneous offense might have been admissable as res gestae, the court firmly noted:

> The Possibility that the statement was admissable under some theory of should not alleviate counsel's burden to put the state's case to that "adversarial testing process" contemplated by Strickland standard. By failing to object, counsel insured that no such testing process took place.

(7)

785 S.W. 2d at 395

Additionally, the Court in <u>Welborn</u> noted that some cross examination evidenced that counsel "was confused as to the Applicable law." 785 S.W. 2d at 394. Here as in <u>Welborn</u>, the record plainly indicates that petitioner's counsel was unfamiliar with basic rules of evidence and had no concept of how to preserve error.

In <u>San Roman V. State</u>, 681 S.W. 2d 872, 874 (Tex. App. -- El Paso 1984, pet. ret'd), the Counsel noted that counsels conduct and questioning during "Voir Dire", over repeated objections, in an attempt to contract the venire members "gave the possibility that Counsel was not familiar with that concept". Additionally, the Court noted that an exchange between trial counsel, the Prosecutor and the Court where trial counsel stated that offered hearsay was admissable, because it was offered for the truth of the matter asserted illustrates Counsels lack of understanding of the law of evidence as it appears throughout the trial." 681 S.W. 2d at 875. The court also noted that Counsel's failure to properly object to the prosecutor's improper argument commenting on post-arrest silence was a factor in the ineffectiveness holding. Id

Here as in <u>San Roman</u>, counsel's inability to lodge a proper objection or to otherwise preserve error "Illustrates counsels lack of understanding of the law of evidence as it appears throughout the trial."

In <u>Riascos v. State</u>, 792 S.W. 2d 754, 756-757 Tex. App. -- Houston [14th dist] 1990 pet. ret'd), the Court found ineffective assistance of counsel mostly on the basis that trial counsel allowed the state, without objection to characterize the murder as "Columbian drug Related" even though there was no evidence to support the assertion. In <u>Riascos</u>, as in the instant case, Part of Implication and Suggestion by the state occurred by the prosecutor qualifying officer as "I got assigned the majority of Columbian-drug-Related homicides". The unobjected to implications, described as the "development by the prosecution of a scenario of a drug related murder in the absence of the competent evidence", allowed the state to unfairly turn a Simple Murder prosecution into a Circus of Prejudice.

In <u>Martin V State</u>, 819 S.W 2d 552; 554 (Tex. App. -- San Antonio 1991, no Pet) the state again used the qualifications of a state official to develop an admissable theory and inadmissable evidence. In <u>Martin</u> the state called a department of Human Services Case worker for the ultimate Purpose that was improper. The State began by having the Case worker testify that she had worked with hundreds of Children. Next the state asked the Case worker:

(8)

> [Prosecutor]: All right, and in your dealings with these children do you use your under graduate and your guidance and counseling training to determine whether or not children are telling you the truth about the case?
>
> [Mrs. Stamper]: Yes. I also use the training that I have received through the department.

819 S.W. 2d at 554.

The Court described the totality of the testimony in a way that also aptly describes the states Purpose in qualifying Hardin in this Case:

> From the outset of Mrs Stampers testimony, the state of the Stage for the introduction of this admissable testimony. By Inquiry as to the expert's ability to determine, the truthfulness of the Sexually abused Children she dealt with, the state made its intentions known. As a result the jury was Clearly sent a message that the Complainant was truthful and could be believed. It's illogical to conclude that the jury would Some how limit this message to the fact that the Complainant was being truthful with respect to her Identification of the defendant.

-tin, 819 S.W. 2d 555-556

In Banks v State, 819 S.W 2d 676, 682 (Tex. App. -- San Antonio 1991 Pet. Ref'd), the court found ineffective assistance of counsel because the trial Counsel's failure to be familiar with law applicable to the Case. The Court aptly noted that [c]ounsel's has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing Process." quoting Strickland, 466 U.S. at 668, 104 S. ct at 2065.

<u>Petitioner was denied the his Right effective Assistance of Counsel as guaranteed by the sixth Amendment to the U.S.C.A 6,14</u>

Counsel failed to object to the jury Charge allowing Conviction for intended conduct as opposed to intended result even though the factual defense was that the result was not intended. The lack of legal skill rendered the factual defense meaningless.

(9)

In Fernandez v State, 830 S.W.2d 693, 696-698 Tex. App.--Houston [1st] Dist 1992, no Pet.), the court found ineffective assistance based in part on the trial counsel's repeated failure to object to inadmissable hearsay. In Jackson v State, 857 S.W.2d 678, 685 (Tex. App.--Houston [14th dist] 1993, Pet. ref'd), Counsels failure to object evidence of extraneous offenses contributed, albeit minimally, to the Courts finding of ineffective assistance of counsel. In Ex Parte Minchaca, 854 S.W. 2d 128 (Tex. Crim. App. 1993), trial Counsels failure to file motion in limine requesting that evidence of his prior record not be introduced or to object to it's introduction or request an instruction to disregard the jury's use to prior convictions constituted ineffective Assistance of Counsel.

In Lyons v. McCotter, 770 F.2d 529 (5th Cir) (1985) the accused was charged with the offense of Agg. Robbery, the state presented only one identification witness. The defendant presented several Alibi witnesses, without Objection, evidence was introduced concerning the defendants Prior Criminal Record. The Fifth Circuit held counsel was ineffective based on Counsels failure to object or request a limiting instruction. The fifth Circuit based its decision on Lyons on it's decision in Vela v. Estelle, 708 F.2d 954 (5th Cir 1985), where it held failure to object to inadmissable evidence, and request a curative instruction constituted ineffective assistance of counsel

The failure of trial counsel to object to inadmissable hearsay has repeatedly been a factor in finding of ineffective assistance of Counsel. See Ex Parte Welborn, 785 S.W. 2d 391, 392 (Tex. Crim. App. 1990) Fernandez v. State, 830 S.W. 2d 693, 696-698. (Tex. App.--Houston [1st Dist.] 1992, no Pet.); San Roman v State, 681 S.W. 2d 872, 874 (Tex. App.--El Paso 1984, per. ref'd).

In Ex Parte Duffy, 607 S.W. 2d at 511, the failure of trial counsel to subject an inventory search to pretrial consideration was one of the factors in the Court's findings of ineffective Assistance of Counsel. In Ex Parte Welborn, 785 S.W. 2d at 395, the failure of trial counsel to demand a Jackson v. Denno hearing was one of the factors in the courts finding of ineffective assistance of Counsel. In Welborn, the out-of-Court statement was the Critical Piece of evidence just as the identification is the critical piece of evidence in the instant case

Similarly, Petitioner's Counsel's Performance was deficient under the Texas Constitution. Art. I, section 10 of the Texas Constitution Provides, in pertinent part, that

> [The accused] Shall have the right of being heard by himself or Counsel, or both. ...

(10)

Texas Court's have adopted the Strickland approach to review of claims of deprivation of effective assistance of counsel. In Hernandez v State, 726 S.W. 2d 53 (Tex Crim. App. 1986), the Court held that Court's construing article I § 10 should use the same guide lines for determining whether there has been ineffective assistance of counsel under the Texas Constitution.

Strickland requires that the error actually have an adverse effect on the defense such that, but for the error, there is a reasonable probability, that the result of the proceedings would have been different. Strickland, 466 U.S. at 693-694. A reasonable probability is a probability sufficient to undermine confidence in that outcome. It requires more than that the error "impaired the presentation of the defense" but the less than that the conduct was more likely than not to have effected the outcome." Id [A] defendant need not establish that the attorneys deficient performances more likely than not altered the trial or the outcome in order to establish prejudice under Strickland. NIX v. Whiteside, 475 U.S. 157, 175 (1986).

In Kyles v. Whitely, No. 93-7927, 57 Crim L.R. 2003-2007 (April 19, 1995), the Court explained the prejudice requirement. First, it bears noting that Kyles is technically a Brady case. However, the Court makes it clear that the materiality test under Brady is identical to and was adopted from the prejudice test of Strickland. See also United States v. Bagley, 433 U.S. 667, 682 (1985) (adopting formulation announced in Strickland as the materiality test for a Brady violation).

Second, the Court clearly described the prejudice required:

> Bagley's touchstone of materiality is a "reasonable probability" of a different result, and the adjective is important. The question is not whether the defendant would more than likely than not have recieved a different verdict with the evidence, but whether in its absense he recieved a fair trial understood as a trial resulting in a verdict worthy of confidence. A "reasonable probability" of a different result is accordingly shown when the Government's evidentiary suppression undermine confidence in the outcome of the trial....
> Bagley, 473 U.S. at 678

The Second Aspect of Bagley materiality bearing emphasis here that is not a sufficiency of evidence test. A Petitioner need not demonstrate that after discounting the inculpatory evidence in light of the undisclosed evidence, there would not have been enough left to convict. The possibility of an acquittal on a Criminal Charge does not imply an insufficient evidentiary basis to convict. One does not show a Brady violation by demonstrating that some of the inculpatory evidence should have been excluded, but by showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.

To establish a case of ineffective assistance of counsel, a petitioner must show that the different performance prejudiced the petitioner's case. Strickland v. Washington, 466 U.S. 668, 687 (1984)

Petitioner's counsel failed to object to the hearsay evidence introduced through Raul Garza. because there was very little evidence presented in the punishment phase, the hearsay presentation of the psychiatrist's recommendations was fundamental error that was unfairly prejudicial to petitioner. Counsel's pertinent failure to object to the testimony was a grievous, deficiency, and that different performance greatly affected the punishment petitioner received.

### Juror Failed to answer honestly during "Voir Dire"

Norma Linda Garcia a Juror on the jury panel, and during "Voir Dire" examination failed to answer honestly. Although as it was brought to petitioners attorney at the trial, attorney was ineffective. Attorney at trial addressed Petitioner to keep his mouth shut. Norma Linda Garcia whom was petitioner's Jr. High school principal at the San Benito School District, where petitioner attended school, and made numerous trips to the principal's office. Had Norma Linda Garcia honestly replied, as instructed by the Court, Cause for Challenge would have been enough to expose her bias or prejudice during "Voir Dire" Examination. Strickland, 466 U.S at 693-694, Ineffective Assistance of Counsel was performed once again by attorney to petitioner at trial.

"Voir Dire" is an important method of preserving a defendants right to trial by an impartial jury. See *McDonough Power Equip Inc. v. Greenwood*, 464 U.S. 548, 554, 104 S.Ct. 845, 849, 78 L.Ed 2d 663 (1984). We have held that the defense deserves "a full opportunity to expose bias or prejudice on the part of "Venire men" *United States v. Barnes*, 604 F.2d 121, 139 (2d cir. 1979) (quoting *United state v. Robinson*, 475 F.2d 376, 380-81 (D.C. Cir. 1973) (cert. denied) 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed. 2d 260 (1980).

[There must be sufficient information elicited on "Voir Dire" to permit a petitioner to intelligently exercise not only his challenge for cause, but also his peremptory challenge, the right to which has been specifically acknowledged by the Supreme Court"...

Id. at 142

In any event, we believe that if such misconduct occurred it reflected an impermissable partiality on the juror's part, knowingly lying during "voir dire" violated inter alia, 18 U.S.C., § 1621 (1982), as well as to possible substantial restitution claims by the government. C.F. *United States v. Hand*, 863 F.2d 1100 (3d cir 1998). It exhibited a personal interest in this particular case that was so powerful as to cause the juror to commit a serious crime such as an interest not only suggests a view on the merits and/or knowledge of evidentiary facts but is also exception that a prospective juror will give truthful answers concerning her ability to weigh the evidence fairly and obey the instructions of the court. See *United States v. Bynum*, 634 F.2d 768, 771 (4th cir. 1980) ("[C]ertainly when possible, no objectively is secured, and compounded by the deliberate untruthfulness of a potential juror's answer on "voir dire" the result is deprivation of the petitioner's right to a fair trial) (-)(Foot note omitted); See Also *United States v. Perkins* 748 F.2d 1519, 1531-33 (11th Cir. 1984) Refusal to disclose inter alia, that juror knew defendant gives rise to presumption of actual bias); *McCoy*, 652 F.2d at 659 (district judge shall presume bias where juror deliberately concealed information).

In *Smith v. Phillips*, the supreme court stated:
This Court has long held that the Remedy for allegations of juror partiality is a hearing in which defendant has the opportunity to prove actual bias.

In McDonough Power Equip. Inc. v. Greenwood, the Court explained the standard for evaluation alleged Juror Misconduct in answering "Voir-Dire" questions:

> .... to obtain a New Trial. A party must first demonstrate that a juror failed to answer honestly a material question on "Voir Dire", and the further show that correct response would have provided a valid basis of Challenge for Cause. The motives for concealing information may vary, but only those reasons that effect a Juror impartiality, can truly be said to effect the fairness of a trial.

Actual-prejudice when juror consciously failed to disclose that Brother Deputy Sheriff, and hearing record indicated Juror wanted to serve on a Jury, even though Juror "Sincerly, believed he could be impartial. See U.S. V Scott, 854 F.2d 697, 700 (5th Cir 1998). Actual, prejudice when juror deliberately failed to disclose that brother-in-law was government Attorney, thus obstructing "Voir Dire". See U.S. V Columbo, 869 F.2d 149, 151 (2d. Cir 1989).

## Standard For Review

To the honorable Judge of said Court, Pursuant to the above court statue, the Petitioner does hereby respectfully wish to bring to the Courts Attention to (two) significant recent Supreme Court Rulings of the United States, decisions that are relevant to Petitioner's habeus corpus.

1) William V. Taylor, 120 S.Ct. 1479 (2000), which addresses the proper standard for Review under A.E.D.P.A., in which granted relief (recognized) where a Case is contrary to established Supreme Court law or is unreasonable, adopting an objective reasonableness standard. that is, an unreasonable decision is the same as an unsatisfactory decision. This decision recognizes that a federal court has an independant duty to determine whether there is a Constitutional violation, thus, the case should be reviewed just as it was prior to the A.E.D.P.A., to determine if there is a violation. If there is then the Court will address the issue of reasonableness, or whether it is contrary to a Prior decision.

\* Please note the supreme court granted relief on a ineffective assistance of counsel Claim.*

2) William v. Taylor, 120 S.ct. 1495 (2000); This also decided on the same day, which dealt with failure to present such facts would prevent a defendant from presenting facts in federal court. The court held that the focus is on the fault of the petitioner, and if evidence is not presented through no fault of the petitioner, then a hearing may be granted in federal court. Thus, rejecting the governments approach which would have prevented hearings whenever evidence was not developed in state court, whether it was cause by lack of diligence or other factors.

### – Synopsis –

The Petitioner Respectfully contends pursuant to his Federal 28 § U.S.C. 2254, Habeus Corpus, and by and through the issue points of error(s) there in, that he has been denied due process and equal protection of law(s) in that Created the fundamentally unfair Trial and Conviction, and Appeal-Habeus Corpus, therefore, for which he is unconstitutionally restricted of liberty by Felony incarceration, imprisonment at the T.D.C.J-I.D. Requesting This Court's Jurisprudence in a timely manner.

### – Prayer –

Petitioner Prays that Standard for Review be consolidated with his present Habeus Corpus _____, which is pending above and any other cause of action needed for just adjudication, granting any and all Relief Just and Proper, according to the laws of the united states Ameri.

### – Declaration –

Pursuant to 28 U.S.C. 1746, by penalty and perjury to the best of my knowledge and ability, the foregoing is true and correct.

_____
George Bonganio #702917
Signature of Petitioner

### — Proof of Service —

Pursuant to 28 U.S.C. 1746, by penalty and perjury, I did mail this Standard for Review with Habeus Corpus to the united States District Court, for the Southern District of Texas Houston Division, PO Box 61010, Houston, Texas, 77208-1010 First Class Mail From the Bill Clements M.S.U. 9601 Spur 591 Amarillo Texas 79107 or Potter County U.S.A. on January 5th / 2001.

C)
1) The following grounds have been presented previously to this or another Court (such as appeal, habeas Corpus - state, habeas Corpus Federal, etc.) The proceeding will be further identified in Articles II and III).

| Ground No: | Proceeding in which Presented |
|---|---|
| 1) Motion To Recuse Trial Judge | Appeal   State writ 11.07 |
| 2) Failing To Rehear Motion | Appeal   State writ 11.07 |
| 3) Excluding Evidence | Appeal   State writ 11.07 |
| 4) A) Denial of Effective Asst. of Counsel | Appeal   State writ 11.07 |
| B) Denial of Right To Effective Asst. of Counsel USCA 6, 14 | Appeal   State writ 11.07 |
|  | Appeal   State writ 1107 |
| 5) Jury Misconduct | State writ 11.07 |

2) The following grounds have <u>not</u> been presented previously for the Reason indicated:

Ground No: _____   Reason Not Presented _____

## II.
## Conviction And Appeal

A) The Prison unit in which You are confined: Bill Clements M.S. Unit 9601 Spur 591 Amarillo Texas 79107-9606.

B) Name and location of the Court which imposed the Sentence(s) under which you are confined: Willacy County Courthouse 546 Hidalgo Ave 2nd Floor Raymondville Texas, 78580

C) The indictment or Criminal Information Number(s) of the Case, and the Offense(s) for which Sentence was imposed: Trial Court No: 2790, Offense of 1st degree Murder

D) The date upon which Sentence was imposed and the terms of the Sentence:
1) March 23, 1995 Sentence imposed
2) 99 years by Jury Trial

E) What was your Plea?
1) Not Guilty ✓    2) Guilty ____    3) Nolo Contendre ____

F) If you were found Guilty after a plea of not guilty, the finding was made by:
1) Judge without a Jury ____

G) Did You Appeal From the Judgement of Conviction or the imposition of Sentence
Yes ✓   No ____

(16)

H) If you did Appeal, complete the following:

1) The name and location of each court to which you Appealed:

   A) Thirteenth Court of Appeals 10th Floor Nueces County Courthouse Corpus Christi, Tx 78401

   B) Court of Criminal Appeals of Texas P.O. Box 12308 Capital Station ~~Austin~~ Texas 78711

2) The date and Result of Action by each Appellate Court:
   A) Court of Appeals Affirmed Trial Court Judgement on Feb. 13, 1997
   B) Court of Criminal Appeals, Refused Pre-Discretionary-Review on March 23, 1997

3) If known, the citations to any written opinion or orders entered pursuant to such Appeals: (If available, attach a copy of any opinion or order. A copy should be attached to each of the Habeas Forms.)

   A) _____
   B) _____
   C) _____

## III
## Post-Conviction-Relief

A.) Prior to this petition have you filed with respect to this conviction (other than direct Appeals):

1) Any Petition in a court of the State of Texas for Habeas Corpus Relief pursuant to Article 11.01, Texas Code Criminal Procedure?

   Yes ✓  No ___

2) Any Petition in Federal court for Habeas Corpus Relief?

   Yes ___  No ✓

3) Any Petition in a state court by way of Coram Nobis?

   Yes ___  No ✓

4) Any Petition in the United States Supreme Court for Certiorari other than petitions, if any, already Specified in II-H?

   Yes ___  No ✓

5) Any other petitions, motions, or Applications in this court or any other court?

   Yes ✓  No ___

B) If you answered "Yes" to any part of III-A, list with respect to each such petition Motion or Application:

1) The type or name of each Petition, Motion or Application:
   A) Application for writ of Habeus Corpus 11.07
   B) _____
   C) _____

2) The name and Location of the Court in which each was filed
   A) Willacy County Courthouse 576 Hidalgo Ave 2nd Floor Raymondville Texas 78580
   B) Court of Criminal Appeals Po Box 12308 Capital Station Austin Texas 78711
   C) _____

3) The name of the court, and the date, in which any evidentiary hearing was held:
   A) _____
   B) _____
   C) _____

4) The date and disposition by each court:
   A) _____
   B) _____
   C) _____

5) If known, the Citations to any written opinions or orders entered pursuant to each such disposition (If available, attach a copy of any such opinion or order to each habeus form)
   A) _____
   B) _____
   C) _____

## IV
## Representation by Counsel

A) Were you represented by an attorney at any time during the course of the following proceedings:

1) Arraignment and Plea? Yes ✓ No ___
2) Trial, if any? Yes ✓ No ___
3) Sentencing? Yes ✓ No ___
4) Appeal, if any, from the judgement of conviction or the imposition of Sentence?
   Yes ✓ No ___
5) Preparation, presentation or consideration of any Petitions, Motions or Applications with Respect to this Conviction(s), which you Filed? Yes ___ No ✓

(18)

B) If you answered "Yes" to one or more proceedings of IV-A, above list the number of such Proceeding (1-5), and the name and address of each attorney who represented you and whether he was retained by you or Appointed by the court:

| Above Proceeding No.(s) | Name and address of counsel | Retained (R) or Appointed (A) |
|---|---|---|
| 1) Arraignment and Plea | Robert Mendoza, address unknown | (A) |
| 2) Trial | Robert Mendoza, address unknown | (A) |
| 3) Sentencing | Robert Mendoza address unknown | (A) |
| 4) Appeal | Stanley G Schneider, Eleven Greenway Plaza Suite 3112, Houston, Texas 77046 | (R) |

## V

### Filing Fee

Filing of $5.00 is Enclosed ( ), or I will seek leave to file in Forma Pauperis ( ). If filing in Forma Pauperis, Sworn Affidavit in Forma Pauperis is Attached.

Signed this __5th__ day of __january__, 20__01__

_____George Longoria_____ #702917
Signature of Petitioner

(19)