United States District Court
Southern District of Texas
FILED

JUN 0 6 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GEORGE LONGORIA, § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. B-01-030 |
| § | |
| GARY L. JOHNSON, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| Respondent. § | |

### RESPONDENT JOHNSON'S MOTION TO DISMISS AS TIME-BARRED PURSUANT TO 28 U.S.C. § 2244(d) WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES respondent Gary L. Johnson, Director of the Texas Department of Criminal Justice's Institutional Division, ("the Director"), by and through his attorney of record, the Attorney General for the State of Texas, and files this Motion to Dismiss as Time-Barred Pursuant to 28 U.S.C. § 2244(d) with Brief in Support. In support thereof, the Director would respectfully show the court the following:

### I.

### JURISDICTION

This court has jurisdiction over the parties and the subject matter, pursuant to 28 U.S.C. §§ 2241, 2254 (2000).

### II.

### DENIAL

The Director denies each and every allegation of fact made by petitioner, George Longoria, ("Longoria"), except for those allegations supported by the record and for those allegations specifically admitted herein.

## III.

## STATEMENT OF THE CASE

The Director has lawful custody of Longoria pursuant to a judgment and sentence from the 103rd District Court of Willacy County, Texas, in cause number 2790, styled *The State of Texas vs. George Longoria aka Macfly. Ex parte Longoria*, Application No. 47,697-01, at 38-40. Longoria was indicted for murder. *Id.* at 25. On April 20, 1995, following a jury trial, the jury found Longoria guilty of murder and sentenced him to ninety-nine years in the Texas Department of Corrections, now known as the Texas Department of Criminal Justice, Institutional Division, ("TDCJ-ID"). *Id.*

Longoria's conviction was affirmed in an unpublished opinion by the Thirteenth Court of Appeals of Texas on February 13, 1997. *Longoria v. State*, No. 13-95-301-CR. Thereafter, Longoria filed a *pro se* petition for discretionary review, ("PDR"), which was refused by the Texas Court of Criminal Appeals on May 21, 1997. *Longoria v. State*, PDR No. 362-97. Longoria filed his only state application for writ of habeas corpus on September 1, 2000.[1] *Ex parte Longoria*, Application No. 47,697-01, at 2. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on December 13, 2000.[2] *Id.* at cover.

A copy of Longoria's state writ of habeas corpus will be sent to the court as soon as it is reproduced.

---

[1] Longoria also has a writ of mandamus; however, pursuant to that motion for leave to file, the Texas Court of Criminal Appeals denied such motion without written order on February 7, 2001. *Ex parte Longoria*, Application No. 47,697-02, at cover. That writ of mandamus is irrelevant to the disposition of the instant motion.

[2] Longoria's state writ of habeas corpus has a supplemental part because three pages of the Court of Appeal's opinion were not included in the original state writ application. *Ex parte Longoria*, Application No. 47,607-01, at 59-62, supplemental.

## IV.

## PETITIONER'S ALLEGATIONS

The Director understands Longoria to allege the following:

1. The trial court erred in denying his motion for recusal of the trial judge.

2. The trial court erred in failing to refer motion.

3. The trial court erred in excluding evidence.

4. He was denied effective assistance of counsel because his counsel failed to object to hearsay testimony from Raul Garza, his probation officer.

5. His rights were violated due to juror misconduct, wherein a juror failed to answer honestly during voir dire.

Fed. Writ Petition at 1-15.

## V.

## EXHAUSTION

Pending a ruling on this motion to dismiss as time-barred pursuant to 28 U.S.C. § 2244(d) with brief in support, the Director reserves the right to argue whether Longoria has sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b) and (c) on the allegations as construed above and, if not, whether any of the above allegations have been procedurally defaulted.

## VI.

## MOTION TO DISMISS AS TIME-BARRED PURSUANT TO 28 U.S.C. § 2244(d) WITH BRIEF IN SUPPORT

A petition for habeas corpus relief is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") if the petition is filed after April 24, 1996 -- the effective date the federal habeas corpus statutes were amended. *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997) (AEDPA applies to a petition filed by state prisoner after April 24, 1996), *cert. denied*, 118 S. Ct. 2338 (1998); *see Lindh v. Murphy*, 117 S. Ct. 2059,

3

2068 (1997) (AEDPA only applies to those noncapital habeas corpus cases filed after its effective date of April 24, 1996). For purposes of determining the applicability of the AEDPA, a prisoner's *pro se* federal writ petition is deemed filed when the inmate delivers the papers to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Longoria's writ petition was filed on or about January 5, 2001; therefore, his petition is subject to review under the AEDPA. Fed. Writ Petition at 15.

***Longoria's Federal Writ Petition is Untimely Filed Pursuant to the AEDPA***

The AEDPA provides a one year limitation period for filing federal habeas corpus petitions. The provisions of 28 U.S.C. § 2244 set forth four different scenarios that start the running of the one year limitations period:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(A-D)(West 2000). Given that Longoria complains of events pertaining to his murder conviction, the scenario which best applies to the instant petition is

4

(d)(1)(A),[3] which commences the one-year period for filing from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review.

In the immediate case, Longoria was found guilty of murder and was sentenced to ninety-nine years on April 20, 1995. *Ex parte Longoria*, Application No. 47,697-01, at 38. Longoria's conviction was affirmed by the Thirteenth Court of Appeals on February 13, 1997. *Longoria v. State*, No. 13-95-301-CR. Subsequently, Longoria filed a PDR, which was refused by the Texas Court of Criminal Appeals on May 21, 1997. *Longoria v. State*, PDR No. 362-97. Thereafter, Longoria was entitled to ninety days in which to file a petition for writ of certiorari with the United States Supreme Court.[4] Consequently, the AEDPA's one-year statutory filing period began on August 19, 1997, and expired by August 19, 1998. 28 U.S.C. § 2244(d)(1)(A). Hence, since the instant federal petition was not filed until January 5, 2001, Longoria's writ petition is over two years and four months late. Fed. Writ Petition at 15; 28 U.S.C. § 2244(d)(1)(A). As a result, Longoria's claims are time-barred; thus, his petition should be dismissed with prejudice.

Further, although the AEDPA provides a tolling provision, Longoria cannot take advantage of it to extend the one-year deadline for filing his federal writ petition. The AEDPA provides tolling of the limitations period as follows:

---

[3] The scenario described in (d)(1)(B) does not apply to state writs and does not apply in this case due to lack of assertion by Longoria. Moreover, (d)(1)(C) does not apply because this case does not involve any claim of any new rights previously unrecognized by the Supreme Court. Finally, the federal habeas statute requires that the filing period commence from the latest of the four filing dates provided in 28 U.S.C.§ 2244 (d)(1)(A)-(D)(2000). As a result, (d)(1)(D) does not apply because although the factual basis of Longoria's claims was immediately discoverable through the exercise of due diligence at the time of his conviction, (d)(1)(A) applies and provides a later starting date for the one-year filing period to commence.

[4] Under the applicable Supreme Court rules, "a petition for a writ of certiorari seeking review of a judgment of a lower state court which is subject to discretionary review by the state court of last resort shall be deemed in time when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." SUP. CT. R. 13.1(West 1997). Therefore, for purposes of the AEDPA, the conviction became final on August 19, 1997.

> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. §2244(d)(2). But the only way the deadline can be tolled is for Longoria to have properly filed an application for state court collateral review between August 19, 1997, and August 19, 1998 – the one-year limitations period.

In the instant case, no tolling event occurred within the one-year limitations period. Longoria filed his only state writ of habeas corpus on September 1, 2000, which is over two years after the limitations period had ended. *Ex parte Longoria*, Application No. 47,697-01, at 2. Therefore, no applicable petition for state court collateral review was filed during the one-year limitations period and, as such, tolling is not an issue. Accordingly, Longoria's federal writ petition was filed over two years and four months late and thus must be dismissed as untimely filed.

Furthermore, the fact that Longoria may have been proceeding *pro se* during certain periods of time following his conviction does not excuse his failure to file this petition earlier. *Cf. Fisher v. Johnson*, 174 F.3d 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner does not excuse prompt filing (citations omitted)"); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse-of-the-writ). Moreover, Longoria cannot claim that he could not comply with the statutory filing period because he did not learn of it in time. Ignorance of the law does not excuse the failure to comply with the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 121 S. Ct. 622 (2000). Finally, Longoria's choice in waiting to pursue his claim in federal court should not excuse his failure to file the instant petition before the end of the limitations period. *See e.g., Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (a petitioner's lack of interest in challenging prior convictions was not cause to excuse a

procedural default), *cert. denied*, 519 U.S. 1093, 117 S. Ct. 772 (1997). Because Longoria failed to file his federal writ within the applicable time limits, his writ petition is untimely and should be dismissed with prejudice as time-barred.

## VII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that Longoria's petition for federal writ of habeas corpus be dismissed with prejudice as time-barred. In the event this court does not dismiss the instant petition as time-barred, then the Director respectfully requests thirty days to further respond to the instant federal petition.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General
for Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

_____
DENISE A. VILLARREAL*
Assistant Attorney General
State Bar No. 24008212
Southern Dist. No. 25,314

*Attorney-in-Charge

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-1400
Telecopier: (512) 936-1280

ATTORNEYS FOR RESPONDENT

NOTICE OF SUBMISSION

To: George Longoria, petitioner, you are hereby notified that the undersigned attorney will bring the foregoing motion before the court as soon as the business of the court will permit.

_____
DENISE A. VILLARREAL
Assistant Attorney General

CERTIFICATE OF SERVICE

I, Denise A. Villarreal, Assistant Attorney General for the State of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Motion to Dismiss as Time-Barred Pursuant to 28 U.S.C. §2244(d) with Brief in Support has been served by placing same in the United States mail, postage prepaid, on this the 4th day of June, 2001, addressed to:

George Longoria
TDCJ-ID No. 702917
Clements Unit
9601 Spur 591
Amarillo, TX 79107-9606

_____
DENISE A. VILLARREAL
Assistant Attorney General

8