IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

GEORGE LONGORIA, §
 Petitioner, §
  §
VS. § CIVIL ACTION NO. B-01-030
  §
GARY L. JOHNSON, DIRECTOR, §
TEXAS DEPARTMENT OF CRIMINAL §
JUSTICE, INSTITUTIONAL DIVISION, §
 Respondent. §

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court is a petition ( Docket No. 1) filed by George Longoria ("Longoria") pursuant to 28 U.S.C. § 2254 seeking to have his ninety-nine year sentence for murder set aside. The Respondent has filed a Motion to Dismiss (Docket No. 6) claiming that Longoria's claims are time barred. For the reasons stated below, the Respondent's Motion should be granted and this case dismissed.

### BACKGROUND

According to the State Court records which have been filed in this case by the Attorney General, Longoria was sentenced to ninety-nine years in prison on April 24, 1995 for murder. His conviction was affirmed on February 13, 1997, by the Thirteenth Court of Appeals of Texas. The Texas Court of Criminal Appeals refused his petition for discretionary review on May 21, 1997. His state application for a writ of habeas corpus was denied by the Texas Court of Criminal Appeals without written order on December 13, 2000. His federal habeas petition was signed on January 5, 2001.

## THE § 2254 PETITION

Longoria raises the following issues in his petition:

1. The trial court erred in denying a Motion for Recusal of the trial judge.

2. The trial court erred in failing to refer the Motion to Recuse.

3. The trial court erred in excluding evidence.

4. Trial counsel was ineffective.

5. Juror misconduct.

## RECOMMENDATION

Since Longoria did not appeal his conviction, it became final thirty days later. Tex. R. App. Proc. 26.2.

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") which contained a one year limitation statute for habeas petitions. 28 U.S.C. § 2244(d)(1)(A). The effective date of that Act was April 24, 1996. The Fifth Circuit, recognizing that it would be inequitable to apply the limitation period retroactively, adopted the rule that the period would start to run on the effective date of the Act. Thus, those convicted prior to April 24, 1996, had until April 24, 1997, to file their § 2254 petitions. Longoria missed this date by almost four years.

There are tolling provisions in 28 U.S.C. § 2244(d)(2). Longoria case fits none of those.

The Respondent's Motion to Dismiss should be granted.

IT IS THEREFORE **RECOMMENDED** that the State's Motion to Dismiss be **GRANTED**. IT IS FURTHER **RECOMMENDED** that George Longoria's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served

2

with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 27th day of August, 2001.

/s/ John Wm. Black
John Wm. Black
United States Magistrate Judge

3

ClibPDF - www.fastio.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# - BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| GEORGE LONGORIA, | § | |
|    Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-030 |
| | § | |
| GARY L. JOHNSON, DIRECTOR, TEXAS | § | |
| DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION, | § | |
|    Respondent. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING PETITION

     Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of August 27, 2001 should be adopted and the petition be dismissed.

     DONE in Brownsville, Texas, on this _____ day of _____ 2001.

                                                              Filemon B. Vela
                                                      United States District Judge

ClibPDF - www.fastio.com