IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

GEORGE LONGORIA,
Petitioner

V.

GARY JOHNSON, and
THE STATE OF TEXAS,
Respondent.

CIVIL ACTION NO. B-01-030

United States District Court
Southern District of Texas
FILED
OCT 1 6 2001
Michael N. Milby
Clerk of Court

## PETITION FOR CERTIFICATE OF APPEALABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW George Longoria, Petitioner in the above styled cause, and files this Petition for Certificate of Appealability of denial of his Petition for WRIT OF HABEAS CORPUS.

### I.
### THE SHOWING REQUIRED FOR THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Obtaining a Certificate of Appealability requires a substantial showing of constitutional error. 28 U.S.C.A § 2253(c)(2); Drinkard v. Johnson, 97 F.3d 751, 756 (5th Cir. 1996). This entails that the question(s) at issue be (a) debatable among reasonable jurists, (b) of a type which could be resolved in the Petitioner(s) favor, or (c) "adequate to deserve encouragement of further proceedings". Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991).

### II.

1) Is the defendant afforded a fair trial where Judges "Appearance" during trial his impartiality might be reasonably questioned.

(2)

2) Is the defendant afforded the showing to the Court of who actually was the aggressor in this Case.

3) Is the defendant afforded the effective Assistance of Counsel where the trial Counsel is ineffective throughout the trial in whole.

## III.

### QUESTION ONE

Is the defendant afforded a fair trial where Judges "Appearance" during trial his impartiality might be reasonably questioned.

This Honorable Court should Consider that on behalf of the defendant Judges appearance in this case, could be reasonably questioned when trial Court Appointed Attorney brought to the attention of the trial Court that Attorney would seek office against trial Judge, the Judge failed to voluntarily recuse himself, and failed to refer the case to the presiding Judge. The defender feared that the Circumstances would Create a Conflict. Specifically, defendant contends that evidence establishes that the trial Judge was subject to recusal; " because he has a bias or prejudice concerning the subject matter or party., because his impartiality might be reasonably questioned. The impartiality of Judge in this Case, could be reasonably questioned, viewed objectivly a reasonable person could assume that the trial Judge had a personal stake in the out come of the trial. There was clearly a reasonable question concerning his impartialty even if there was not an actual subjective bias or prejudice. If due process of law and due course have any meaning at all they require that a defendant in a Criminal trial be tried before a Neutral and detached Judge. <u>Lozada v. Deeds</u>, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed. 2d 956.

### Question Two

Is the defendant afforded the showing to the Court of who actually was the aggressor in this Case.

It should be Considered by this honorable Court that in order for the defendant to Show the Court his Self defense Charge there must be some evidence of aggression on the part of the deceased. Merely, carrying a weapon is not a violent or aggressive act in and itself. The illegal confinement defendant has imposed, there and when who actually was the aggressor for his Claim of Self defense. The Constitution affords that a fair trial is violated when there are questions at hand that are undisputed. The defendant was denied

(3)

the opportunity to introduce Character evidence to Substantiate his claim of Self-defense. It is undisputed that the deceased pulled the weapon on defendant. In this instant case, defendant should be allowed to introduce character evidence of the Past and violent aggressive violent behavior of who actually was the aggressor. Lozada V. Deeds, 498 U.S. 430, 432 111 S.ct 860, 862 112 L.Ed. 2d 956.

### Question Three

Is the defendant afforded the effective Assitance of Counsel where the trial Counsel is ineffective throughout the trial in whole.

The Sixth Amendment to the Constitution of the United States Constitution guarantees the right to Counsel, Includes the right to effective Assirance of Counsel. Attorney failed to object to the defendants Juvenile Probation officer testifying through recommendation, for Punishment, Probation officer as to the Psychiatrists report without objection. Attorney was so ineffective that was Critical to the defendant the failure to disclose that the Misconduct of Juror as addressing the defendant to keep his Mouth Shut. Probation officer testified as to the Psychiatrists analysis on defendants ability to be rehabilited Probation officer read from the Psychiatrists report without objection. In order to obtain a reversal, because of the ineffective assitance of Counsel defendant must demonstrate first that the Counsels Performance was deficient. This requires showing that the Counsel was not functioning as the Counsel guaranteed by the sixth Amendment. Second, the defendant must show that the deficient Performance prejudiced the defense. This requires showing that counsels errors were so Serious as to depriving the defendant of a fair trial, a trial whose result is reliable. Whether a particular defendants Counsel was effective must be determined upon the particular case. Similarly, generally the Court must view trial Counsels Performance as a whole. To ignore a grievous error Simply because it is single, while granting relief where multiple errors cumalitively reach the Same Magnitude, would be contrary to the reasons that caused the Creation of the doctrine of ineffective Assitance of Counsel. Lozada V. Deeds, 498 U.S. 430, 432, 111, S. ct 860, 862, 112 L.S.d 2d 956.

### PRAYER

WHEREFORE, Petitioner prays the Court issue a Certificate of Appealability on each of the above questions in this Cause.

Respectfully Submitted,

*George Longoria*

George Longoria
00702917
William P. Clements Unit.
9601 Spur 591
Amarillo Texas
79107-9606

(4)