IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| GEORGE LONGORIA, | § | |
|     Plaintiff-Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | CIVIL ACTION NO. B-01-030 |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION, | § | |
|     Defendant-Respondent. | § | |
| | § | |
| | § | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

George Longoria ("Longoria") has filed a petition for certificate of appealability ("COA") (Docket No. 10). For the reasons set forth below, the petition is denied.

The district court dismissed Longoria's federal habeas claim because it was barred by the statute of limitations. To issue a COA in this case, this court must apply a two-prong test. 28 U.S.C. § 2253; *Davis v. Johnson*, 158 F.3d 806, 809. The court must first determine whether Longoria has made a credible showing that his claim should not have been dismissed as time-barred. *Davis*, 158 F.3d at 809 If Longoria satisfies this requirement, then the court must determine whether his claims regarding his underlying state court conviction raise a substantial showing of the denial of a constitutional right. *Id.*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") has a one-year statute of limitations. 28 U.S.C. § 2244(d)(1)(A). For purposes of AEDPA, Longoria's conviction became final on August 19, 1997, and thus, the limitations period to file a § 2254 petition expired by August 19, 1998. 28 U.S.C. § 2244(d)(1)(A). Longoria, however, did not file his federal petition until

January 5, 2001. It is almost four years late.

In order to utilize AEDPA's tolling provision under 28 U.S.C. § 2244(d)(2), Longoria would have had to file a state writ of habeas corpus during the same one-year period beginning on the date his conviction became final. Longoria filed his state habeas application on September 1, 2000. This was more than two years after the limitations period ended. Consequently, Longoria cannot employ the tolling provisions of AEDPA.

Accordingly, Longoria has failed to make a credible showing that his claims should not have been dismissed as time-barred. The inquiry ends here.

IT IS **ORDERED** that George Longoria's petition be **DENIED**.

DONE in Brownsville, Texas, on this __19th__ day of __October__, 2001.

_____
Filemon B. Vela
United States District Court Judge

ClibPDF - www.fastio.com