Case 1:01-cv-00030   Document 14   Filed in TXSD on 06/28/2004   Page 1 of 8

United States District Court
Southern District of Texas
FILED

JUN 2 8 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

| | | |
|---|---|---|
| GEORGE LONGORIA | § | |
| Petitioner, | | |
| v. | § | B:01 CV30 |
| GARY L. JONHSON, Director of Texas Department of Criminal Institutional Division, | § | Civil Action: |
| Respondent | § | |

PETITIONER'S MOTION FOR CERTIFICATE
OF APPEALABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, George Longoria, Petitioner in the above styled cause, and files his Petition For Certificate of Appealability.

I.
STATEMENT OF CASE

Petitioner was allegedly charged by indictment in cause number 2790 for the offense of first degree murder allegedly occuring on October 6, 1994. Subsequently on the 20th day of March 1995, Petitioner was convicted and sentenced to ninety-nine years of confinement in the Texas Department of Justice Institutional Division. His conviction was affirmed on February 13, 1997, by the Thirteeth Court of Appeals of Texas.

The showing required for the Issuance
of a Certificate of Appealability

Obtaining a certificate of appealability requires a substantive showing of constitutional error. 28 U.S.C. § 2253 (c)(2); Drinkard v. Johnson, 97 F.3d 751, 756 (5th Cir. 1996). This entails, (b) of a type which could be resolved in the Petitioner's favor (c) "adequate to deserve encouragment of further proceeding." Lozada v. Deeds, 498 U.S. 430, 111 S.Ct. 860, 862, 112 L.Ed. 956.

II.

The Question(s) At Issue:

The Petitioner's question: "Is the defendant afforded adequate Due Process when a Juror or Jurors fail to disclose information that they knew the defendant or other members of the jury?

III.

Question One

In the case at bar, it was unknown to the Petitioner that the foreman of the Jury Armando Dominques knew the Prosector. It was brought to the attention of the Petitioner by way of the Panels Jury List For the State with Judge Robert Garza's initials at the top right corner of that document that juror #12 - Armando Dominquez knows Gus. Gustavo "Gus" Garza.

Juror Norma Linda Garcia #10, failed also to disclose to the court that she knew the Petitioner after having been Petitioner's ~~xxxx~~ school principal at the San Benito School District where Petitioner attened school; and that juror #10 knew his whole background.

IV.

Question Two

Did the Court error in denying the Petitioner's Motion to strick the Jury Panel?

V.

ARGUMENT AND AUTHORITIES FOR
QUESTION ONE

Voir Dire is an important method of protecting an applicant's right to trial by an impartial jury. See <u>McDonough Power. Inc., v. Greenwood</u>, 464 U.S. 548, 554, 104 S.Ct. 845, 78 L.Ed. 2d 663 (1984). It has been held that an applicant deserves a full oppprtunity to [e]xpose biasness or prejudice on the part of "Venire Men". <u>United States v. Barnes</u>, 604 F.2d 121, 139 (2nd Cir. 1979) (quoting United States v. Robinson, 475 F.2d 376, 380-81 (D.C. Cir. 1973) 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed. 2d 260 (1980).

> [T]here must be sufficient information elicited on "voir dire" to permit an applicant to intelligently exercise not only his challenges for cause, but also his preemptory challenge - the right to which has been specifically acknowledged by the Supreme Court." ... Id. at 142

In the instant case, applicant believes that such misconduct occurred and reflected an impermissible partiality on the jurors part for knowingly [concealing] information - thus violating inter alia, in violation of 18 U.S.C. § 1621 (1982) subjecting a juror to possible contempt. See 18 U.S.C. 5401 (1982); <u>United States v. Hand</u>, 863 F.2d 1100 (3d Cir. 1988), and <u>United States v. Perkins</u>, 748 F.2d 1519, 1531-33 (11th Cir. 1984) which reads in short:

... A refusal to disclose inter alia, that jurors knew applicant gives rise to presumption of (actual bias): McCoy, 652 F.2d at 659 (Distrcit) Judge shall presume bias where juror deliberately (concealed information).

### ARGUMENT AND AUTHORITIES FOR QUESTION TWO

Petitioner asserts that it is a constitutional violation when a trial court refuse to grant a Motion to strike the Jury Panel. Notwithstanding that two jurors Armando Dominquez (the foreman of the jury) knew the Prosecutor, and that juror #10, being Norma Linda Garcia was his formal scholl principal.

In Smith v. Phillips it was held that:

> The Supreme Court stated:
>
> > This Court has long held that the remedy for allegations of partiality is a - - - [hearing] in which an applicant has the opportunity to prove (actual bias).

Petitioner asserts that he has actaul instruments - i.e., docket sheets and Jury lists to prove these allegations.

Petitioner further contends that contentions advanced herein should be reviewed in the interest of justice because said contentions were not previously determined or resolved on direct appeal, and contains sworn allegations of facts, which if true would render Petioner's confinement under felony conviction illegal, and the legality of Petitoner's confinement must be determined and resolved.

Petitoner, therefore, prays the Court issue a Certificate of Appealability on each of the above questions in this cause.

Respectfully Submitted,

*George Longoria*

### Certificates Of Service

I, George Longoria, do hereby declare and certify that the foregoing is true and correct, and that one original and one copy was served or submitted to the Clerk of the Court addressed below.
Executed on: 06/13/04

George Longoria
#702917
ALLRED UNIT
2101 FM 369 N
Iowa Park, Texas
76367

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

| | | |
|---|---|---|
| GEORGE LONGORIA | § | |
| Petitioner, | | |
| V. | § | |
| GARY L. JOHNSON, Director of Texas Department of Criminal Institutional Division, | § | Civil Action: |
| Respondent | § | |

PETITIONER'S MOTION FOR CERTIFICATE
OF APPEALABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, George Longoria, Petitioner in the above styled cause, and files his Petition For Certificate of Appealability.

I.
STATEMENT OF CASE

Petitioner was allegedly charged by indictment in cause number 2790 for the offense of first degree murder allegedly occuring on October 6, 1994. Subsequently on the 20th day of March 1995, Petitioner was convicted and sentenced to ninety-nine years of confinement in the Texas Department of Justice Institutional Division. His conviction was affirmed on February 13, 1997, by the Thirteeth Court of Appeals of Texas.

The showing required for the Issuance
of a Certificate of Appealability

Obtaining a certificate of appealability requires a substantive showing of constitutional error. 28 U.S.C. § 2253 (c) (2); Drinkard v. Johnson, 97 F.3d 751, 756 (5th Cir. 1996). This entails, (b) of a type which could be resolved in the Petitioner's favor (c) "adequate to deserve encouragment of further proceeding." Lozada v. Deeds, 498 U.S. 430, 111 S.Ct. 860, 862, 112 L.Ed. 956.

II.

The Question(s) At Issue:

The Petitioner's question: "Is the defendant afforded adequate Due Process when a Juror or Jurors fail to disclose information that they knew the defendant or other members of the jury?

... A refusal to disclose inter alia, that jurors know applicant gives rise to presumption of (actual bias); McCoy, 652 F.2d at 659 (Distroit) Judge shall presume bias where juror deliberately (concealed information).

ARGUMENT AND AUTHORITIES FOR
QUESTION TWO

Petitioner asserts that it is a constitutional violation when a trial court refuse to grant a Motion to strike the Jury Panel. Notwithstanding that two jurors Armando Dominquez (the foreman of the jury) knew the Prosecutor, and that juror #10, being Norma Linda Garcia was his formal scholl principal.

In Smith v. Phillips it was held that:

> The Supreme Court stated:
>
> This Court has long held that the remedy for allegations of partiality is a - - - [hearing] in which an applicant has the opportunity to prove (actual bias).

Petitioner asserts that he has actaul instruments - i.e., docket sheets and Jury lists to prove these allegations.

Petitioner further contends that contentions advanced herein should be reviewed in the interest of justice because said contentions were not previously determined or resolved on direct appeal, and contains sworn allegations of facts, which if true would render Petioner's confinement under felony conviction illegal, and the legality of Petitioner's confinement must be determined and resolved.

Petitoner, therefore, prays the Court issue a Certificate of Appealability on each of the above questions in this cause.

Respectfully Submitted,

Certificater Of Service

I, George Longoria, do hereby declare and certify that the foregoing is true and correct, and that one original and one copy was served or submitted to the Clerk of the Court addressed below.
Executed on:

## III.

### Question One

In the case at bar, it was unknown to the Petitioner that the foreman of the Jury Armando Dominques knew the Prosector. It was brought to the attention of the Petitioner by way of the Panels Jury List fo the State with Judge Robert Garza's initials at the top right corner of that document that Juror #12 - Armando Dominquez knows Gus. Gustave "Gus" Garza.

Juror Norma Linda Garcia #10, failed also to disclose to the court that she knew the Petitioner after having been Petitioner's sdool school principal at the San Benito School District where Petitioner attened school; and that Juror #10 knew his whole background.

## IV.

### Question Two

Did the Court error in denying the Petitioner's Motion to strick the Jury Panel?

## V.

### ARGUMENT AND AUTHORITIES FOR QUESTION ONE

Veir Dire is an important method of protecting an applicant's right to trial by an impartial jury. See McDonough Power, Inc., v. Greenwood, 464 U.S. 548, 554, 104 S.Ct. 845, 78 L.Ed. 2d 663 (1984). It has been held that an applicant deserves a full oppprtunity to [e]xpose biasness or prejudice on the part of "Venire Men". United States v. Barnes, 604 F.2d 121, 139 (2nd Cir. 1979) (queting United States v. Robinson, 475 F.2d 376, 380-81 (D.C. Cir. 1973) 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed. 2d 260 (1980).

> [T]here must be sufficient information elicited on "veir dire" to permit an applicant to intelligently exercise not only his challenges for cause, but also his preemptory challenge - the right to which has been specifically acknowledged by the Supreme Court." ... Id. at 142

In the instant case, applicant believes that such misconduct occurred and reflected an impermissible partiality on the jurors part for knowingly [concealing] information - thus violating inter alia, in violation of 18 U.S.C. § 1621 (1982) subjecting a juror to possible contempt. See 18 U.S.C. 5401 (1982); United States v. Hand, 863 F.2d 1100 (3d Cir. 1988), and United States v. Perkins, 748 F.2d 1519, 1531-33 (11th Cir. 1984) which reads in short:

George Longoria
#702917
ALLRED UNIT
2101 FM 369 N
Iowa Park, Texas
76367